IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-699-BO

MEGAN ELIZABETH HANEY,        )
          Plaintiff,        )
                          )
                          )
v.        )        O R D E R
                          )
CELLCO PARTNERSHIP d/b/a        )
VERIZON WIRELESS,        )
          Defendant.        )

This cause comes before the Court on defendant's partial motion to dismiss plaintiff's

amended complaint, plaintiff's motion for summary judgment, plaintiff's motion for injunction,

and defendant's motion to strike. The appropriate responses or replies have been filed, or the time

for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, defendant's

partial motion to dismiss is granted, plaintiff's motions for summary judgment and injunction are

denied, and defendant's motion to strike is denied.

## BACKGROUND

In her amended complaint, plaintiff, who proceeds in this matter *pro se*, alleges claims

arising from her employment by defendant for discrimination, retaliation, and harassment under

the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. Plaintiff further

appears to allege claims relating to payroll manipulation, state tax fraud, and "Tax Year 2018."

## DISCUSSION

I.      Motion to dismiss.

Defendant moves to dismiss any claim regarding payroll, tax fraud, or tax year 2018

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon

which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). A complaint drafted *pro se*, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Plaintiff has failed to state any cognizable claim for payroll manipulation, state tax fraud, or tax year 2018. She has identified no statutory or common law grant of a private right of action nor has she sufficiently alleged any facts which would support any claim on these grounds. Plaintiff has responded to the motion to dismiss but fails to raise any argument or point to any allegations in her amended complaint which would support the denial of defendant's motion to dismiss. The partial motion to dismiss is therefore granted.

II.    Motion for summary judgment and for injunction.

Plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been

2

met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

Plaintiff's one-page motion fails to identify any issue of material fact which is not in dispute. Plaintiff contends that the statements made in the amended complaint and the memorandum of facts adopted by the magistrates and presiding judges of this case support a claim for fraud. Plaintiff additionally references affidavits made in bad faith. The Court discerns no grounds upon which summary judgment could be appropriate based upon plaintiff's filing and the stage of the proceeding. The motion is denied.

Plaintiff also seeks an injunction. In support, plaintiff cites Fed. R. Civ. P. 12(d); Chapter 96, DOJ Division; and 28 C.F.R. 0.70(a). Plaintiff has failed to identify any cognizable basis upon which this Court could enter an injunction. The motion is denied.

III.    Motions to strike.

Defendant requests that the Court strike plaintiff's response to its motion to dismiss, plaintiff's motion for summary judgment, and plaintiff's motion for injunction. Defendant contends that the filings are unintelligible and incoherent. While the Court does not disagree that plaintiff's filings contain citations and references to matters which appear either uncognizable or not relevant to these proceedings, the Court declines at this time to strike plaintiff's filings. Although the articulated standard applies to pleadings, Fed. R. Civ. P. 12(f), striking matters from the Court's docket remains a disfavored remedy. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). The requests to strike are denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's partial motion to dismiss [DE 40] is

GRANTED and plaintiff's claims for payroll manipulation, state tax fraud, and tax year 2018 are

DISMISSED with prejudice. Plaintiff's motions for summary judgment and injunction [DE 46 &

47] are DENIED. Defendant's requests to strike plaintiff's filings [DE 49 & 50] are DENIED.


SO ORDERED, this _2_ day of June 2022.



TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE