IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00699-BO

**Megan Elizabeth Haney**,

    Plaintiff,

v.

**Cellco Partnership** d/b/a Verizon Wireless,

    Defendant.

**Order**

Megan Elizabeth Haney, representing herself, has sued Cellco Partnership under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, alleging that she suffered mistreatment during her short tenure working at Verizon Wireless. *See* Am. Compl., D.E. 36; Order Granting Partial Mot. Dismiss, D.E. 58.

The parties have been engaged in discovery since April 2022, and the discovery period is set to conclude next month. *See* Scheduling Order, D.E. 55; Order Extending Disc. Deadlines, D.E. 65. As part of its discovery efforts, Cellco sent Haney a notice of her deposition, which is set to take place on January 27. Dep. Notice, D.E. 73–1. After receiving the notice, Haney moved to quash it under several Federal Rules of Civil Procedure. Mot. to Quash, D.E. 73. For the reasons below, the court denies Haney's motion.

**I.     Background**

On January 20, the court held a hearing to discuss Haney's upcoming deposition, her objections to attending it, and other discovery matters delaying the progression of this case. *See generally* Hr'g Minute Entry, D.E. 74. The hearing was fruitful—not only did Haney's discovery obligations become clearer, the court and counsel for Cellco also had the opportunity to explain to

Haney the deposition process in federal cases. Despite the language in Cellco's stock deposition notice, the court clarified that Haney would not be deposed for more than seven hours over the course of a single day without court approval. *Compare* Dep. Notice at 1 (claiming that Haney's deposition would begin on January 27 and continue "thereafter as necessary until concluded"), *with* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.").

The hearing also gave Haney a chance to learn more about who would be present at the deposition and how it would proceed. The court explained that she would likely sit in a conference room and answer questions posed by Cellco's attorneys while a court reporter recorded the proceedings. Some of these questions may be uncomfortable or difficult to answer, but the court and opposing counsel assured Haney that Cellco's attorneys will conduct the deposition in a professional manner. And although a representative of Verizon will probably be present, Cellco's counsel explained that the representative will most likely be an attorney who is not intimately connected with the facts underlying Haney's case.

By the end of the hearing, Haney expressed less discomfort with the idea of being deposed, and she helped the court and Cellco's counsel craft a schedule that will allow her case to proceed without extending the close of discovery. The hearing closed with an oral agreement between the parties that Haney would be deposed on February 2, 2023. But because Haney has not withdrawn her motion to quash the deposition notice, the court will discuss its merits below.

## II.     Discussion

The Federal Rules unequivocally permit depositions of opposing parties. Fed. R. Civ. P. 30(a)(1) ("A party may . . . depose any person, including a party[.]"); *see also Clean & Sober Media, LLC v. Renew Counseling Ctr. of N.C., LLC*, No. 5:20-cv-00252-M, 2021 WL 5114648, at

*1 (E.D.N.C. Mar. 9, 2021) ("[T]here is nothing unusual about deposing an opposing party. The Federal Rules explicitly allow it."). Thus, unless one of the conditions laid out in Rule 30(a)(2) is present, the parties need not seek leave from the court to conduct a deposition against a party opponent. *See* Fed. R. Civ. P. 30(a)(2).

Haney's motion to quash raises several objections to her deposition. She first argues that she is ineligible to be deposed under Federal Rule 28(c) because she has a direct financial interest in her litigation. Mot. to Quash at 2. But Rule 28 applies to parties *before whom* depositions are taken, not parties subject to deposition. Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person . . . who is financially interested in the action."). Thus, while the deposition could not take place before a stenographer who has a financial stake in Haney's case, Haney's own financial interest in her litigation cannot shield her from being deposed. *See, e.g.*, *Rice's Toyota World, Inc. v. Se. Toyota Distribs., Inc.*, 114 F.R.D. 647, 651 (M.D.N.C. 1987).

Next, Haney contends that Cellco failed to comply with Rule 30(d)(1) because the deposition notice claims that she may be deposed over the course of more than one day.[1] Mot. to Quash at 2. Haney is correct that—without court approval—Cellco's counsel may not extend her deposition beyond seven hours over the course of a single day. *See* Fed. R. Civ. P. 30(d)(1). But Haney has not yet been deposed. At the January hearing, Cellco's counsel conceded that he does not plan to depose Haney for longer than the Federal Rules allow. Because the confusion surrounding the duration of Haney's deposition has been cleared up, the court will deny her motion to quash under Rule 30(d)(1), though it reminds counsel that any attempt to extend the deposition

---

[1] Haney also alleges that her consent to be deposed only extended to a single day and that Verizon's subsequent claim that her deposition could span multiple days violates Rule 29(b). Mot. to Quash at 2. But the parties have not stipulated to the extension of her deposition without the court's approval, so the court interprets this objection as a restatement of her claim under Rule 30(d)(1).

3

beyond the one-day, seven-hour limitation present in the Federal Rules will require prior court approval.

Haney's third ground for quashing her notice alleges that she has already been deposed, so another deposition would violate Rule 30(a)(2)(A)(ii). Mot. to Quash at 2. Haney lists several times when she has been questioned about the facts underlying her case, but none of these is a deposition taken during the discovery process. *See id.* Thus, her prior conversations with Verizon and external human resources companies cannot provide grounds to quash the notice of her deposition.

Elsewhere, Haney claims that she should not be deposed under Rule 30(d)(3)(A) because the deposition would be taken in bad faith and would subject her to unreasonable embarrassment, annoyance, and oppression. *Id.* at 1. But Rule 30(d)(3)(A) only applies to depositions that are currently ongoing—it does not provide prospective relief. Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition . . . ."). Put another way, this rule cannot excuse Haney from attending her deposition altogether.

Fifth—and finally—Haney claims that Cellco may not use a deposition against her under Rule 32(a)(5)(B) because she qualifies as an "unavailable deponent." Mot. to Quash at 3. But that Rule only applies in very specific circumstances. Rule 32(a)(5)(B)'s prohibition comes into play when an unrepresented individual is deposed before the parties' Rule 26(f) conference, and "the deponent is expected to leave the United States and be unavailable for examination in this country after that time." Fed. R. Civ. P. 30(a)(2)(A)(iii). What's more, Rule 32(a)(5)(B) only prohibits the use of a deposition at a hearing or trial—it does not bar the deposition from taking place. *Id.* 32(a)(1), 32(a)(5)(B). Thus, it cannot prevent Cellco from deposing Haney.

4

### III. Conclusion

For the reasons discussed above, Haney's motion to quash notice of her deposition (D.E. 73) is denied. The court trusts that counsel for Cellco will conduct this deposition in a professional manner, keeping in mind Haney's status as a *pro se* litigant.

Dated: January 27, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge